

FILED

JUL 31 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

---

| | |
|---|---|
| CURTIS MITCHELL,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN SAM LAW;<br>ATTORNEY GENERAL OF<br>THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 13-60-M-DWM-JCL<br><br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

---

On March 18, 2013, Petitioner Curtis Mitchell filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Mitchell is a state prisoner proceeding pro se.

On June 25, 2013, Mitchell was ordered to show cause why his petition should not be dismissed with prejudice as procedurally defaulted. He was advised that, if he failed to respond, dismissal with prejudice would be recommended. A deadline of

July 17, 2013, was set. Order to Show Cause (doc. 6) at 3 & ¶¶ 1-2. Mitchell did not respond to the Order.

Mitchell asserts that his right to due process was violated because he did not have a fair judge, that two witnesses did not testify truthfully, and that his right to an impartial jury was violated because there were nine men and three women on his jury. Pet. (doc. 1) at 4-5 ¶¶ 13A-B.

Mitchell was convicted of aggravated assault, a violation of Mont. Code Ann. § 45-5-202. He was sentenced to serve twenty years in prison, with ten suspended, and denied eligibility for parole for five years. Pet. (doc. 1) at 3 ¶¶ 3-4. He appealed, but the Montana Supreme Court affirmed his conviction on October 9, 2012. *State v. Mitchell*, 286 P.3d 1196 (Mont. 2012). On direct review, he did not raise any of the claims he now raises in this Court. Because all of his instant claims are record-based, all should have been raised on direct review, and Mitchell's failure to raise them precludes postconviction relief under Mont. Code Ann. § 46-21-105(2).

On February 12, 2013, Mitchell filed a petition for writ of habeas corpus in the Montana Supreme Court. The Montana Supreme Court dismissed his petition because, under state law, the writ of habeas corpus is not available to challenge the validity of a conviction or sentence. Order at 2, *Mitchell v. Kirkegard*, No. OP 13-0125 (Mont. Feb. 27, 2013) (citing Mont. Code Ann. § 46-22-101(2)).

Consequently, all of Mitchell's claims are subject to dismissal for procedural default. Either Mitchell raised them only in a state habeas petition, which is not available, or he did not raise them at all. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting *Coleman v. Thompson*, 501 U..S. 722, 735 n.1 (1991)).

Mitchell was given an opportunity to show cause why his petition should not be dismissed with prejudice as procedurally defaulted. He was also advised of what he must do to show cause. *See* Order to Show Cause at 2-3. He did not respond. The Court can only conclude there are no facts that would support excusing the procedural default. The petition should be dismissed with prejudice based on procedural default.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

3

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mitchell's petition does not make a showing that he was deprived of a constitutional right. Testimony at trial usually is conflicting, and it is not uncommon for a witness to testify somewhat differently than his pretrial statements might indicate. The purpose of the jury is to consider those discrepancies and determine whether the State has nonetheless proved its case beyond a reasonable doubt. A jury composed of nine men and three women is not necessarily unrepresentative of the community. Mitchell does not explain why he thought the judge was unfair. The standard of 28 U.S.C. § 2253(c)(2) is not met. Moreover, there is no doubt here about the procedural ruling. Mitchell did not present any of his claims in the courts of the State of Montana.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as all claims are procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mitchell may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mitchell files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mitchell from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mitchell must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 31st day of July, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

6